## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LISA C. F.,[1] | ) |
| | ) |
|           **Plaintiff,** | ) |
| | )    **CIVIL ACTION** |
| v. | ) |
| | )    No. 20-1295-JWL |
| KILOLO KIJAKAZI,[2] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
|           **Defendant.** | ) |
| _____ | ) |

### MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Supplemental Security Income (SSI) benefits pursuant to sections 1602 and 1614 of the Social Security Act, 42 U.S.C. § 1381a and 1382c (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

**I.**  **Background**

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff protectively filed an application for SSI benefits on September 11, 2017. (R. 24). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims the ALJ erred because his finding—Plaintiff's allegations of disabling pain are not consistent with the record evidence—is not itself supported by the record.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

2

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

      The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. §§ 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

**II.   Discussion**

Plaintiff claims the ALJ erred in applying SSR 16-3p because he failed to explain why Plaintiff's allegations of pain were not disabling. (Pl. Br. 11-12) (citing A.B. v. Saul, No. 20-1114-SAC, 2020 WL 7714408, at *3 (D. Kan. Dec. 29, 2020) (remand required because the ALJ failed to properly follow the commands of SSR 16-3p by failing to give specific reasons for why Plaintiff's fatigue did not disable her from SGA)). She argues that although the ALJ recognized abnormal findings and limitations in Plaintiff's abilities caused by her impairments, he did not explain "why those findings were inconsistent with disabling pain." Id. at 13 (citing Kellams v. Berryhill, 696 F.App'x. 909, 915 (10th Cir. 2017) ("The absence of strength and sensory deficits does not necessarily undermine Mr. Kellams' [sic] subjective allegations of pain, however, and

4

there were other findings that corroborate his testimony."); Catherine A. v. Saul, No. 19-1081-JWL, 2020 WL 996798, at *4 (D. Kan. Mar. 2, 2020) (while the ALJ's summary of both positive and negative evidence is supported, it is missing "an explanation how the positive findings demonstrate that the negative findings do not result in disabling low back pain.").

Plaintiff argues this court recognizes an exception to the explanation requirement when the ALJ identifies "inconsistencies in the record related to the specific allegation" of symptoms. (Pl. Br. 14) (citing Catherine M. v. Saul, No. 20-1122-JWL, 2021 WL 1575227, at *4 (D. Kan. Apr. 22, 2021) (the assessment of allegations related to seizures was sufficient because the ALJ pointed to numerous inconsistencies throughout the record related to seizures); Joe R. v. Saul, No. 20-1189-JWL, 2021 WL 1401647, at *5 (D. Kan. Apr. 14, 2021) (the ALJ appropriately considered the allegation for the need to lie down when Plaintiff made inconsistent statements including the statement that lying down exacerbated his symptoms and his pain was tolerable with treatment, and where non-compliance was a prevalent component)). She argues the ALJ here "did not identify inconsistencies related to [her] allegations of disabling pain." Id.

Plaintiff argues that the ALJ's reliance on her daily activities to discount her allegations of symptoms does not explain how her pain is not disabling. Id. at 15. And she argues her activities are not as extensive as the ALJ implied. Id. 16. Finally, she argues the record supports her allegations of disabling pain. Id.

The Commissioner argues the ALJ reasonably found Plaintiff can perform a range of light work despite her allegations of disabling pain. (Comm'r Br. 4-8). She points out

5

the ALJ found Dr. McGraw's opinion persuasive and assessed an RFC "in line with Dr. McGraw's findings." (Comm'r Br. 5-6). She notes, on the other hand, that the ALJ found the opinions provided in 2017 were "unpersuasive because they were given immediately after Plaintiff injured her back and were inconsistent with later findings showing improved pain, largely normal neurological findings, and a subsequent history of only conservative treatment." Id. at 6. She argues the ALJ applied SSR 16-3p, and thoroughly evaluated Plaintiff's allegations and provided specific reasons for the weight accorded Plaintiff's allegations. Id. She explains how the record evidence supports the ALJ's finding. Id. at 6-7.

In her Reply Brief, Plaintiff points to record evidence supporting her allegations and reiterates her argument that the ALJ failed to explain why the evidence Plaintiff relies upon does not support Plaintiff's allegations. (Reply 1-2).

### A.      **Standard for Evaluating a Claimant's Allegations of Symptoms**

An ALJ's evaluations of a claimant's allegation of symptoms are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). Such "determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. Wilson v. Astrue, 602 F.3d 1136, 1144 (10th Cir. 2010); accord Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005). Therefore, in reviewing the ALJ's evaluations, the court will usually defer to the ALJ on matters involving witness allegations. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994). However, such findings "should be closely and affirmatively linked to substantial evidence and not just a

conclusion in the guise of findings." Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173 (same).

The Tenth Circuit has explained the analysis for considering subjective allegations regarding symptoms. Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (dealing specifically with pain).

> A claimant's subjective allegation of pain is not sufficient in itself to establish disability. Before the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain. This court has stated: The framework for the proper analysis of Claimant's evidence of pain is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

Thompson, 987 F.2d at 1488(citations and quotation omitted).

In evaluating a claimant's allegations of symptoms, the court has recognized a non-exhaustive list of factors which should be considered. Luna, 834 F.2d at 165-66; see also 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). These factors include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson, 987 F.2d at 1489).³

The Commissioner has promulgated regulations suggesting relevant factors to be considered in evaluating a claimant's allegations of symptoms which overlap and expand upon the factors stated by the court:  Daily activities; location, duration, frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken to relieve symptoms; treatment for symptoms; measures plaintiff has taken to relieve symptoms; and other factors concerning limitations or restrictions resulting from symptoms.  20 C.F.R. § 404.1529(c)(3)(i-vii).

## B.    The ALJ's Evaluation of Plaintiff's Allegations of Symptoms

The ALJ stated that in assessing Plaintiff's RFC he had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the

---

[3] Luna, Thompson, and Kepler, were decided when the term used to describe the evaluation of a claimant's allegations of symptoms resulting from her impairments was "credibility determination."  Although that term is no longer used, the applicable regulation never used that term and the procedure for evaluating a claimant's allegations of symptoms has not significantly changed.  Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844-01, 5,871 (Jan. 18, 2017) (codified at 20 C.F.R. § 404.1529).  Moreover, the Tenth Circuit held its approach to credibility determination was consistent with the approach set forth in SSR 16-3p. Brownrigg v. Berryhill, 688 Fed. Appx. 542, 546 (10th Cir. 2017).  Therefore, the three-step framework set out in Luna, based on 20 C.F.R. § 404.1529 (2017) is still the proper standard to be used as explained in the regulations in effect on November 22, 2019, when this case was decided.  Nonetheless, to the extent that "subjective measures of credibility that are peculiarly within the judgment of the ALJ;" Kepler, 68 F.3d at 391; relate to an examination of a claimant's character, it is specifically prohibited by SSR 16-3p, and is no longer a valid factor to be considered.

objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSR 16-3p." (R. 29). He explained the Commissioner's standard for evaluating a claimant's allegations of symptoms as outlined above. Id. at 29-30. He later explained he found Plaintiff's allegations of disabling symptoms "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Id. at 34. He then explained his rationale:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because while they show some limitations they do not show that the claimant would be unable to perform work. The record shows that the claimant has a history of chronic back pain. Prior to the alleged onset date, the claimant had an MRI of the spine showing degenerative changes and received some minimal conservative management for this condition. In June 2017, the claimant reported having a work related back injury. One examination, [sic] she had some motor deficits, numbness and tingling to the spine. She was treated for an exacerbation of back pain. By November 2017, the claimant was noted to have largely benign findings on examination with intact coordination and no motor or sensory deficits. She was noted as having a slowed gait and difficulty getting on and off the examination table. The May 2018 MRI of the lumbar spine again showed degenerative changes. The record shows the claimant was involved in a workers' compensation claim regarding her back injury where she was noted to be mildly uncomfortable on examination with tenderness over the spine. She was subsequently noted as having no objective findings. The claimant has continued to be treated for complaints of low back pain, muscle pain, and bilateral leg pain. She reported treating her pain with Tylenol every four hours. She was referred to a pain specialist. She was eventually found to have a two percent whole person impairment in her workers' compensation claim with no permanent restrictions. She has also been treated for complaints of chronic muscle and joint pain. She was assessed as having fibromyalgia, which has received minimal conservative management. She had positive tender points on examination. She also complained of lower extremity pain. The imagining of her hips revealed osteoarthritis, which has also received very limited conservative management.
>
> … The record shows she was treated inpatient for pneumonia. The record shows that the claimant was smoking cigarettes. She was counseled on

> smoking cessation and her treatment notes indicated that her lung inflammation and wheezing may never be controlled if she is still smoking. However, at her most recent appointment, she had normal oxygen levels and her provider noted that supplemental oxygen was no longer necessary. The claimant was noted as requesting to continue the oxygen treatment regardless of necessity.

(R. 34-35) (citations omitted).

The ALJ found the opinion of the state agency medical consultant, Dr. McGraw

> persuasive as it is supported by detailed narrative and consistent with the overall medical evidence of record that shows the claimant has a history of degenerative changes to the spine and obesity. The claimant's chronic back pain with reduced range of motion and obesity would reduce her to less than a full range of light work to prevent an exacerbation of her symptoms. The records shows that the claimant has had largely intact neurological examinations but at times a limping gait and reduced range of motion of the spine consistent with these findings.

(R. 36). He found the medical opinion of the nurse practitioner, Ms. Stewart, ARNP, not persuasive because it is "not consistent with the findings of the consultative examiner or the most recent medical evidence of record," and "was rendered at the time of the claimant's initial back injury and the record contains more recent medical evidence that shows she would not have such severe limitations." Id. The ALJ found the medical opinions of Dr. Estivo and of the physician's assistant, Mr. Koopman, unpersuasive because they were temporary restrictions imposed during the treatment of Plaintiff's workers' compensation injury. Id. at 36, 37.

The ALJ concluded

> Based on the entire record, including the testimony of the claimant, the undersigned concludes that the evidence fails to support the claimant's assertions of total disability. Despite the evidence demonstrating that the claimant has suffered from a medically determinable "severe" impairment, the evidence also establishes that the claimant retains the capacity to

> function adequately to perform many basic activities associated with work. The medical findings in this case support the residual functional capacity in that the claimant's back impairment, obesity, fibromyalgia, and lung disease would preclude her from more than light work with various postural limitations to prevent an exacerbation of her symptoms. Additionally, the claimant's depressive disorder, with the attendant lapses in concentration and memory, would preclude her from more than simple work. Her contact with others would further be limited to prevent an exacerbation of her symptoms. In sum, the above residual functional capacity assessment is supported by the objective medical evidence contained in the record. The claimant does experience some levels of pain and limitations but only to the extent described in the residual functional capacity above.

(R. 37).

### **C.    Analysis**

As is evident from the ALJ's evaluation as quoted and summarized above, the ALJ in fact explained his consideration of Plaintiff's allegations of pain and why he did not find them disabling. Plaintiff's argument that although the ALJ recognized abnormal findings and limitations in Plaintiff's abilities caused by her impairments, he did not explain "why those findings were inconsistent with disabling pain" (Pl. Br. 13) does not require a different result. The ALJ found "minimal conservative management" for the degenerative changes in Plaintiff's back (R. 34), and for her fibromyalgia, and "very limited conservative management for osteoarthritis of her hips. Id. 35. For Plaintiff's back pain, the ALJ noted "largely benign findings," "with intact coordination and no motor or sensory deficits" by November 2017 after her workers' comp. injury; mild discomfort, and later "no objective findings;" and treating only "with Tylenol every four hours." Id. Each of these findings is an inconsistency revealed by the record evidence dealing directly with, and tending to discount, Plaintiff's allegations of disabling pain.

11

Moreover, the ALJ found inconsistencies relating to other impairments tending to discount Plaintiff's allegations of disabling symptoms: Treatment notes indicated symptoms of Plaintiff's lung impairments "may never be controlled if she is still smoking" but Plaintiff was still smoking; her treatment "provider noted that supplemental oxygen was no longer necessary," but she requested "to continue the oxygen treatment regardless of necessity;" and, Plaintiff "acknowledged a wide range of activities of daily living." (R. 35). While the ALJ did not state that these affirmative findings show the negative findings do not result in disabling pain and it is not beyond doubt that Plaintiff does not have disabling pain, that is not the standard, and the standard is met here. The ALJ's path is discernable to the court, the record supports the path taken, and no more is required. While the record is not unequivocal, the ALJ's findings are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401. As the Commissioner pointed out, "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. [The court] may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citation and quotation omitted).

Giving the ALJ's evaluation of Plaintiff's allegations of disabling symptoms the deference it is due, the court finds no error.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated March 2, 2022, at Kansas City, Kansas.

                              s:/ *John W. Lungstrum*
                              **John W. Lungstrum**
                              **United States District Judge**